Mr. Justice Hagner
delivered the opinion of the Court:
The controversy in this case involves the correctness of the taxation of costs in an action of replevin brought by the *618 plaintiff against the defendant, who as a constable had seized a small quantity of butcher’s meat belonging to the plaintiff, under a writ of fieri facias. The property was delivered to the constable under the levy, and remained in his possession for one night only, and the next day was returned to the plaintiff under the writ of replevin. On the trial of the replevin case in the special term, the verdict was in favor of the plaintiff, “with one cent damages and $- for his costs of suit.” On appeal the rulings below were affirmed by the General Term, with costs to the plaintiff below. The case being remanded to the special term, the clerk, on application of the plaintiff taxed the costs, allowing among others, the plaintiff’s attorney $20, and the plaintiff’s witnesses $58.75; the entire sum amounting to $104.48. One of the plaintiff’s witnesses, J. R. Robertson, was allowed for fifteen days’ attendance; and another, James L. Robertson, was allowed for twenty-nine days’ attendance, in this taxation. A few days afterwards the defendant moved to strike out this taxation and re-tax the costs. In support of this motion various grounds were set forth, some of them involving questions of fact; for instance, it alleged that the allowances to J. R. Robertson and J. L. Robertson were fraudulent and unfounded; and that none of the witnesses’ charges for attendance were legally proved.
In support of the defendant’s motion an ex parte affidavit was filed, in which the affiant, who was the defendant’s attorney in the case, declared the two witnesses named were not in attendance as witnesses for the number of days allowed to them respectively, but were only in attendance one or two days.
The other reasons alleged in support of the motion involved matters of law.
The Justice holding the special term declined to decide the motion, and certified it to be heard here in the first instance. It is evidently impossible for'this court to decide the motion as now presented, inasmuch as there is no evidence before us upon the questions of fact involved, the ex *619 parte affidavit not affording a just ground for such a decision. The certificate to this court was therefore premature, and should have been deferred until testimony had been presented by both sides as to the disputed facts: and for this reason alone, the case must be remanded.
But the case has been very fully argued as to the legal aspects of the motion, and upon one of those questions we will state our understanding of the decisions in this court, which may be a guide to the court below when it shall have the motion before it in proper form.
It is argued that the plaintiff’s attorney’s fee was improperly taxed at $20, under the general law of the United States, Secs. 823 and 824, Revised Statutes U. S., and that the proper method of taxing that fee under the law in force in the District, is that pointed out in section 903 of the Revised Statutes, Dist. Col., which declares:
“ In suits at common law in the Supreme Court, the taxable fee to an attorney shall be five dollars only; and in suits in chancery, the taxable fee to a solicitor shall be ten dollars only.”
This embodies a statute passed March 3, 1807, which related only to the old Circuit Court, the only court named therein. The provisions found in sections 823 and 824 of the Revised Statutes of the United States, embody the act of February 26, 1853, which also had its origin before the creation of the Supreme Court of the District. Some pains were taken in that statute to point out the different courts and the classes of cases therein, in which attorneys’ fees should be taxed; fixing different sums according to the importance of the service rendered.
Section 823 provides:
“ The following and no other compensation "shall be taxed and allowed to attorneys, solicitors and proctors in the courts of the United States; to district attorneys, clerks of the circuit and district courts, marshals, commissioners, witnesses, jurors, and printers in the several States and Territories, except in cases otherwise expressly provided by law.”
*620 By section 824 it is provided that:
“ On a trial before a jury in civil or criminal causes, or before referees, or on a final hearing in equity or admiralty, a docket fee of twenty dollars; provided that in cases of admiralty and maritime jurisdiction, when the libellant recovers less than $50, the docket fee of his proctor shall be but ten dollars.
“ In cases at law, when the cause is discontinued, five dollars.
“ For scire facias and other proceedings on recognizances, five dollars.”
It thus appears the new statute applied to several descriptions of suits omitted from the act of 1807, as criminal and admiralty* cases, and suits generally m the district court of the United States; and it displays a systematic purpose to establish a scale of charges, proportioned to services rendered; differing in that respect from the act of 1807, which allowed the same attorney’s fee whether the judgment was rendered without a jury or was discontinued as in cases where there had been a prolonged trial before a jury. Within the general principles laid down in Page vs. Burnstine, 102 U. S., 664, this statute would apply to the courts of this District, there being “nothing locally inapplicable” to exclude it. This particular point has several times been before our courts, and, without exception, so far as we can learn, the decision has been, that, in a case like this, where there was a final trial and verdict before a jury, the attorney’s fee should be taxed at twenty dollars.
In our examination we have ascertained that in June, 1882, in the Equity Court, Mr. Justice Cox delivering the opinion, in the case of Torbert vs. Torbert, in No. 7891, equity, the allowance of twenty dollars was made for solicitor’s fee, upon i the express ground that the act of 1853 governed the subject in-this jurisdiction.
In Torbert vs. Torbert, No. 7891, equity, Justice Hagner made a similar decision, which was affirmed by three justices holding the General Term; and in Ruppert vs. Smith, equity *621 No. 8891, Mr. Justice James delivered an opinion to the same general effect.
It is not important for us to consider the other points at this time. We have said this much in the interest of the members of the bar.
This case would have been decided sooner, but we were informed at the hearing, that another case had gone to the Supreme Court of the United States, in which the identical question, here presented, was raised; and we thought it advisable to withhold our decision until that case should be decided. But as we have not been able to ascertain, with certainty, after calling attention to it again and again, that this statement was correct, we now remand the case to the Special Term with instructions to allow this taxation to be reopened, and to take such proceedings therein as may be proper.